UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-285(1) (JNE/KMM)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | GOVERNMENT'S POSITION ON SENTENCING |
| AMY LEE JOHNSON, | ) ) ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through its undersigned attorneys, Gregory G. Brooker, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and submits the following position on sentencing concerning the defendant, Amy Lee Johnson. For the reasons that follow, and those contained in a separate filing, the government asks the Court to sentence the defendant to a term of imprisonment in the range of 51 to 71 months.

Procedural History

On November 8, 2017, the defendant was charged in an indictment with conspiracy to distribute 50 grams or more of actual methamphetamine (Count 1) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and possession with intent to distribute 50 grams or more of actual methamphetamine (Count 2) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF 1. On January 22, 2018, the defendant pled guilty to Count 1 of the indictment pursuant to the terms of a written plea agreement. ECF 63. In return, the government agreed to move to dismiss Count 2 of the indictment at the time of sentencing. *Id.* ¶ 1.

### The Nature and Circumstances of the Offense

On August 11, 2017, the police executed a state search warrant at the defendant's apartment in Saint Paul, Minnesota, and seized 137.8 grams of methamphetamine (129.5 grams actual), 0.89 grams of heroin, $1,789 in cash, a digital scale, and a drug ledger. Presentence Investigation Report ("PSI") ¶ 12; ECF 63 ¶ 2. In a post-*Miranda* interview, the defendant admitted that the drugs were hers and that her ex-boyfriend, unindicted co-conspirator Devlin Martin Forbes, had supplied her with multiple pounds of methamphetamine and over 100 grams of heroin in the last year or so. *Id.*

### The Criminal History of the Defendant

The defendant's criminal record includes two convictions for underage consumption and two convictions for driving while intoxicated. PSI ¶¶ 49-53. She has additional arrests for three minor traffic violations. PSI ¶¶ 56-58. Her convictions have all "timed-out." As such, she has no criminal history points and a criminal history category of I. PSI ¶¶ 54-55.

### Guideline Range

The probation office has correctly determined, and the parties agree, that the defendant has a total offense level of 29, a criminal history category of I, and a guideline range of 87 to 108 months. PSI ¶¶ 43, 55, 106. The total offense level reflects a base offense level of 34 (at least five kilograms but less than 15 kilograms of methamphetamine), reduced by three levels for timely acceptance of responsibility. PSI ¶¶ 32, 41-42.

### The History and Characteristics of the Defendant

The defendant is 34 years' old, was born in Minneapolis, Minnesota, and raised by her mother. PSI ¶ 60. She has one sibling. PSI ¶ 61. The defendant had a good relationship with her family members, but moved out of the family home with her boyfriend when she was 14 years' old. PSI ¶¶ 61-62. She moved back into the family home a couple of years later when the relationship ended. PSI ¶ 62. After another failed relationship, she fell into a depression and began drinking heavily, which led to her dropping out of school and leaving her job. PSI ¶ 63. The defendant eventually entered a relationship with Devlin Martin Forbes, which precipitated a further decline in her life. *See* PSI ¶¶ 64-65. Forbes used her to sell drugs, was abusive, and preyed upon her drug addiction to do his bidding for him. *Id.* The defendant is now living in sober housing. PSI ¶ 67. She is in good physical health, but has a long history of mental and emotional health problems. *See* PSI ¶¶ 71-80. She also has a long history of substance abuse issues. *See* PSI ¶¶ 81-90. The defendant graduated from high school, attended one year of college, and earned a cosmetology license. PSI ¶¶ 91-93. She has a spotty employment record and does not have the ability to pay a criminal fine. PSI ¶¶ 96-104.

### The Needs of Sentencing

Considering all of the sentencing factors under 18 U.S.C. § 3553(a), and the reasons contained in a separate filing, the government believes that a sentence that includes a term of imprisonment in the range of 57 to 71 months is appropriate in this case. This case is aggravated by the serious nature of the charge. It is mitigated by the defendant's substance abuse and mental health problems, her timely acceptance of responsibility, and the reasons

contained in a separate filing. On balance, the government believes that a sentence that includes a term of imprisonment within the range of 57 to 71 months would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants.

WHEREFORE, the government asks this Honorable Court to impose a sentence that includes a term of imprisonment in the range of 57 to 71 months.

Dated: May 3, 2018

Respectfully submitted,

GREGORY G. BROOKER
United States Attorney

s/*Thomas M. Hollenhorst*

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322